UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAMESHA MEANS,

    Plaintiff,

vs.

Case No: 2:13-cv-14916-DPH-PJK
Hon. Denise Page Hood

UNITED STATES CONFERENCE OF
CATHOLIC BISHOPS, a not-for-profit
corporation, STANLEY URBAN, ROBERT
LADENBURGER, and MARY MOLLISON,

    Defendants.

---

Brooke A. Merriweather-Tucker
Daniel S. Korobkin (P72842)
Michael J. Steinberg (P48085)
Kary L. Moss (P49759)
Attorneys for Plaintiff Tamesha Means
American Civil Liberties Union
 Fund of Michigan
2966 Woodward Avenue
Detroit, MI 48201
(313) 578-6823
btucker@aclumich.org;
dkorobkin@aclumich.org
msteinberg@aclumich.org

Don Ferris (P26436)
Heidi Salter-Ferris (P41481)
Cooperating attorneys, American Civil
 Liberties Union Fund of Michigan
Ferris & Salter
5148 Washtenaw Avenue
Ann Arbor, MI 48108
(734) 677-2020
dferrissalt@aol.com; ferrissalt@aol.com

Louise Melling
Jennifer Dalven
Alexa Kolbi-Molinas
American Civil Liberties Union
Foundation
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2633
lmelling@aclu.org;jdalven@aclu.org
akolbi-molinas@aclu.org

Bodman, PLC
Thomas Van Dusen (P30602)
Dennis J. Levasseur (P39778)
Attorneys for Defendants, Urban,
Landenburger and Mollison
6th Floor at Ford Field
1901 St. Antoine Street
Detroit, MI 48226
(313) 259-7777
tvandusen@bodmanlaw.com
dlevasseur@bodmanlaw.com

MARK J. ZAUSMER (P31721)
CAMERON R. GETTO (P57300)
Zausmer, Kaufman, August & Caldwell
Attorneys for United States Conference
of Catholic Bishops
31700 Middlebelt Road, Suite 150
Farmington Hills, MI 48334
(248) 851-4111
mzausmer@zkac.com
cgetto@zkac.com

## SPECIALLY APPEARING DEFENDANT, UNITED STATES CONFERENCE OF CATHOLIC BISHOPS', NOTICE OF CONCURRENCE IN AND RESPONSE TO CO-DEFENDANTS' MOTION TO CHANGE VENUE

NOW COMES the SPECIALLY APPEARING DEFENDANT, UNITED STATES CONFERENCE OF CATHOLIC BISHOPS, and hereby gives Notice of Concurrence in and Response to Defendants' Stanley Urban, Robert Ladenburger and Mary Mollison's Motion for Change of Venue.

Respectfully submitted:

ZAUSMER, KAUFMAN, AUGUST
& CALDWELL, P.C.

/s/ Cameron R. Getto
MARK J. ZAUSMER (P31721)
CAMERON R. GETTO (P57300)
Attorneys for Defendant, United States
Conference of Catholic Bishops
31700 Middlebelt Road, Suite 150
Farmington Hills, MI 48334
(248) 851-4111
mzausmer@zkac.com
cgetto@zkac.com

Dated: February 20, 2014

## CONCISE STATEMENT OF ISSUES PRESENTED

1.     Are Defendants, Stanley Urban, Robert Ladenburger and Mary Mollison entitled to a Change of Venue under 28 U.S.C. §1391, or in the alternative pursuant to 28 U.S.C. 1404(a)?

    Defendant, United States Conference of Catholic Bishops answers: YES.

## MOST APPROPRIATE AUTHORITY FOR RELIEF SOUGHT

1. ARGUMENT: A SINGLE DECISION BY A NON-PARTY THAT IS IMPOSED ON ANOTHER NON-PARTY IS NEITHER "SUBSTANTIAL" NOR A "PART OF THE EVENTS OR OMISSIONS GIVING RISE TO THE CLAIM."

2. ARGUMENT: IF THE COURT IS DISINCLINED TO DISMISS THE CASE BASED ON PLAINTIFF'S IMPROPER CHOICE OF VENUE, THEN IT SHOULD TRANSFER VENUE TO THE WESTERN DISTRICT BASED ON THE STRONG LEGAL AND FACTUAL BASIS SUPPORTING A TRANSFER

   *Chicago, R. I. & P. R. Co. v. Igoe*, 220 F.2d 299, 304 (7th Cir. 1955)

   *Devaughn v. Inphonic, Inc.*, 403 F.Supp.2d 68, 72-74 (D.D.C. 2005)

   *McClamrock v. Eli Lilly and Co.*, 267 F.Supp.2d 33, 37 (D.D.C. 2003)

   *Saint-Gobain Calmar, Inc. v. National Products Corp.*, 230 F.Supp.2d 655659, (E.D. Pa. 2002)

   *Monaco v. G. D. Searle & Co.*, 506 F.Supp. 695, 696 (N.D. Ill. 1979)

   *Kendall U.S.A., Inc. v. Central Printing Co.*, 666 F.Supp. 1264, 1268 (N.D. Ind. 1987)

v

## I. INTRODUCTION

The United States Conference of Catholic Bishops [hereinafter "USCCB" or "the Conference"], has entered a Special Appearance to challenge personal jurisdiction and to address the present motion filed by co-Defendants. Exhibit A. While the Conference concurs in co-Defendants' motion to change venue, it believes the case should be dismissed as to it, rather than transferred, because no venue is proper as to USCCB, and because the court does not have personal jurisdiction over the USCCB, which will be addressed additionally in a separate motion.

## II. STANDARD OF REVIEW

The Conference agrees with the standard of review as set forth in co-defendants' motion. The Conference further agrees that in cases involving multiple defendants, venue must be proper for all of them. *Domino's Pizza v. Caribbean Rhino, Inc.*, 453 F.Supp.2d 998, 1006 (E.D. Mich, 2006); *Overland, Inc. v. Taylor*, 79 F.Supp.2d 809, 811 (E.D. Mich. 2000).

## III. LEGAL PROVISIONS GOVERNING, AND ALLEGATIONS CONCERNING, VENUE

The legal provision governing appropriate selection of venue is found at 28 U.S.C. sec. 1391:

    (b) Venue in general.--A civil action may be brought in--

> . . .
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; . . . .

Here, Plaintiff's sole claim giving rise to her venue selection in the Eastern District of Michigan is set forth in Plaintiff's Complaint on page 4 at paragraph 11:

> The decision that MHP would adhere to Defendant USCCB's Directives was made by Catholic Health Ministries in the Eastern District of Michigan. Accordingly, venue is proper under 28 U.S.C. sec. 1391(b)(2) because a substantial part of the events giving rise to the claims asserted occurred within the Eastern District of Michigan.

Thus, it cannot be disputed that the sole basis for venue alleged by Plaintiff is an undated, unsubstantiated allegation about a decision made by a non-party that was, in an unspecified manner, imposed upon another non-party corporate entity.[1]

## IV. OPERATIVE & UNDISPUTED FACTS

On one hand, the uncontroverted facts establish:

- Muskegon, Michigan is in the Western District of Michigan, about 200 miles from the courthouse in the Eastern District;

- Plaintiff resided in or near Muskegon when she was injured (Plaintiff's Complaint, paras. 14-15) (attached as Exhibit B);

- Plaintiff's alleged injury occurred in Muskegon (*id.* paras. 13-51);

---

[1] Despite an exhaustive search of venue opinions throughout the country, we were unable to find a single one that deemed the substantiality requirement met, as Plaintiff alleges here, solely on the basis of an asserted decision of a non-party.

2

- The alleged tortious conduct Plaintiff claims gave rise to her cause of action occurred in Muskegon (*id.*);

- The unnamed physicians and other healthcare personnel who allegedly tortiously caused the injury did so in Muskegon (*id.* paras. 52-53);

- The hospital at which the injury occurred, that also allegedly tortiously caused the injury, is physically located in Muskegon (*id.* para. 15);

- The alleged discovery of the tortious conduct by an anonymous health care worker who apparently learned of it from a hospital administrator occurred in Muskegon (*id.* paras. 54-57).

On the other hand, ***the entire factual basis for venue in the Eastern District of Michigan*** is the sole allegation that a non-party with no connection to this case, Catholic Health Ministries, made a single decision at a single, unspecified time and in an unspecified location (except that it was somewhere in the Eastern District) that another non-party, Mercy Health Partners (which resides in the Western District), would "adhere to the Defendant USCCB's Directives." Even if this claim is true, it forms an entirely inadequate basis for venue in this judicial district.

## V. ARGUMENT

### 1. *A single decision by a non-party that is imposed on another non-party is neither "substantial" nor a "part of the events or omissions giving rise to the claim."*

Despite an exhaustive search of venue opinions throughout the United States, undersigned counsel were unable to locate even a single ruling that deemed venue proper solely on the basis of a single decision alleged to have been made by a non-party. As a corollary of this result, the same conclusion would hold true for a single decision of a non-party that was supposedly imposed on yet another non-party, as is alleged by Plaintiff in this case.

Co-Defendants have therefore borne the threshold burden of establishing that venue was improper in the Eastern District. Based on this showing alone, the court should either dismiss the action or transfer venue to the Western District, where although no personal jurisdiction exists against the Conference (as in the Eastern District), the argument in support of substantiality may be somewhat more persuasive as to the remaining defendants.

### 2. *If the court is disinclined to dismiss the case based on Plaintiff's improper choice of venue, then it should transfer venue to the Western District based on the strong legal and factual basis supporting a transfer*

Although, generally speaking, a plaintiff is to be afforded deference when choosing a forum, "this factor has minimal value where none of the conduct complained of occurred in the forum selected by the plaintiff." *See, e.g. Chicago,*

4

*R. I. & P. R. Co. v. Igoe*, 220 F.2d 299, 304 (7th Cir. 1955). District courts throughout the country have agreed that particularly when there are minimal connections between the Plaintiff and the chosen forum, as here, the Plaintiff's choice of forum should be given little weight. *See, e.g. Devaughn v. Inphonic, Inc.*, 403 F.Supp.2d 68, 72-74 (D.D.C. 2005) (substantially less deference to choice of forum is warranted when the plaintiff is not a resident of the forum and the claims lack substantial connections to the forum); *McClamrock v. Eli Lilly and Co.*, 267 F.Supp.2d 33, 37 (D.D.C. 2003) (deference to plaintiff's choice is greatly diminished when activities have little, if any, connection to chosen forum); *Saint-Gobain Calmar, Inc. v. National Products Corp.*, 230 F.Supp.2d 655659, (E.D. Pa. 2002) (less weight is given to plaintiff's choice of forum when it is neither his home nor the location of the occurrence upon which the case is based).

The same is true when selecting a venue for negligence or personal injury cases such as this one. Numerous district courts throughout the country have consistently held that transfers of venue in negligence cases are appropriate, particularly when witnesses germane to the case are present in the district to be transferred to and outside the subpoena power of the forum chosen by Plaintiff, as here.[2] *See, e.g. Monaco v. G. D. Searle & Co.*, 506 F.Supp. 695, 696 (N.D. Ill.

---

[2] Based on Plaintiff's allegations and choice of venue, it would appear that *every single witness in this case* is outside of the regular subpoena power of the court, since none of the parties reside within 100 miles of the courthouse in Detroit, and

5

1979) (transfer in a personal injury case was proper to a venue where plaintiffs resided, where treating physicians resided, and where known witnesses were within subpoena power of that federal court but beyond subpoena power of court asked to transfer); *Kendall U.S.A., Inc. v. Central Printing Co.*, 666 F. Supp. 1264, 1268 (N.D. Ind. 1987) (transfer in a negligence case was appropriate when third-party defendants were located in transferee district, plaintiff no longer resided in chosen forum, and transfer would allow for live testimony of important nonparty witnesses at trial by making compulsory process available).

Finally, we have attached as Exhibit C the Affidavit of Linda Hunt, Associate General Secretary of the United States Conference of Catholic Bishops.[3] This Affidavit, which also supports the Conference's separate motion (to be filed) challenging personal jurisdiction, establishes that the USCCB has no ties to the Eastern District. Hence, neither venue nor personal jurisdiction is proper in the Eastern District. The Affidavit states, in relevant part:

- The Conference is a non-profit entity, incorporated only in the District of

---

the physicians and hospital administrators implicitly accused of malpractice would be presumably protected from an order to appear pursuant to Federal Rule of Civil Procedure 45(c)(3)(B)(iii).

[3] Due to reasons beyond the control of the Conference and its attorneys, the Affidavit attached to this Brief is not notarized. A major snowstorm resulted in the closing of the Conference's offices in Washington, D.C. on February 13 and 14, 2014, and an unexpected death in the family has kept Ms. Hunt out of the office this week. She is expected to return next week, at which time an identical, notarized Affidavit will be filed in support of this Brief. A Stipulation to file the notarized version of the Affidavit has been submitted to the Court.

- Columbia. Affidavit of Linda Hunt, para. 2 (attached as Exhibit C).

- The Conference's headquarters and offices are in Washington, D.C. *Id.* para. 14.

- The Conference has no offices and maintains no facilities, employees or agents in the State of Michigan. *Id.* paras. 30, 32.

- The decisions of all Archbishops and Bishops of the Roman Catholic Church are independent from the USCCB and are not actions of the USCCB. *Id.* paras. 21-25.

- The USCCB does not direct, oversee, or supervise Bishops' activities on matters concerning the administration of their Diocese, or of the parishes that are part of the Diocese, in Michigan or elsewhere. *Id.* para. 25.

- Neither the USCCB nor its predecessor entities are registered to do business in Michigan and they do and did not maintain an agent for service of process in Michigan. *Id.* para. 30.

- The USCCB has not applied for, or obtained, permission to conduct business in Michigan. *Id.* para. 31.

- The USCCB did not maintain, nor did it have any interest in real or personal property in Michigan at any time relevant to Plaintiff's cause of action. *Id.* para. 33.

- The directives referenced in Plaintiff's Complaint [hereinafter "the ERDs"]

7

were not written in, or issued from, Michigan. *Id.* para. 42.

- The Conference did not direct or enforce the application of the ERDs in Michigan, or elsewhere. *Id.* para. 43.

- The USCCB does not credential doctors, hospitals, or other health care providers. *Id.* para. 44.

- The USCCB has no official relationship to, or authority to control, supervise, or direct the entity Plaintiff describes as "Catholic Health Ministries" or any hospitals it is associated with, either in Michigan or elsewhere. *Id.* para. 29.

Based on the above analysis, venue is improper in the Eastern District. Even if some arguable, minimal ground for venue could be found, a transfer for purposes of convenience is appropriate, well within the discretion of the Court, and should be granted.

## VI. CONCLUSION

Defendant USCCB requests that it be dismissed from the case for lack of proper venue. Alternatively, the Conference concurs in the request for transfer of venue by co-defendants. Defendant, USCCB further requests that the court order any other such relief as justice may so require under the circumstances.

8

Respectfully submitted:

ZAUSMER, KAUFMAN, AUGUST
 & CALDWELL, P.C.

/s/ Cameron R. Getto
MARK J. ZAUSMER (P31721)
CAMERON R. GETTO (P57300)
Attorneys for Defendant, United States
Conference of Catholic Bishops
31700 Middlebelt Road, Suite 150
Farmington Hills, MI 48334
(248) 851-4111
mzausmer@zkac.com
cgetto@zkac.com

Dated: